(98 App. Div. 24.)

## FOSTER v. FOSTER.

### In re SMITH.

(Supreme Court, Appellate Division, First Department. November 18, 1904.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—RIGHT OF POSSESSION—
RECEIVER.

In an action between husband and wife to determine which was the owner of a lease under which they held premises, the husband was appointed receiver, the landlord signifying his willingness that the husband should act, but reserving his right to bring dispossessory or other proceedings, and this he subsequently did, for rent accruing both before and after the appointment, and secured an order to remove the parties, but there was a dismissal of such proceedings as to the receiver, as such, because no proper demand had been made on him. *Held*, no creditors' rights being involved, that the landlord was entitled to possession as against the receiver, and on his application therefor it was error for a court of equity to permit the receiver to retain possession and pay over net profits and rent to a depositary.

Appeal from Special Term, New York County.

Application by Andrew H. Smith for an order directing that premises owned by him be vacated by Albert T. Foster, holding as receiver appointed in an action by Ann Stetson Foster against Albert T. Foster, involving the rights of said Fosters as lessees. From an order denying the application, said Smith appeals. Reversed.

Argued before HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

H. B. Closson, for appellant.
A. U. Zinke, for respondent.

PATTERSON, J. The order from which this appeal is taken must be reversed. It deprives the appellant of the possession of real estate to which he has been adjudged to be entitled, and retains that real estate in the hands of a receiver, simply for the benefit of the parties to this action, one of whom happens at the same time to have been appointed the receiver.

The defendant and the plaintiff are husband and wife; the latter was the nominal lessee of the premises in the city of New York known as the "Hotel Algonquin," and the former carried on the business of keeping that hotel and was the manager thereof. Dissensions arising between the husband and wife, the latter brought this action, seeking to have it judicially declared that she, and not her husband, was the owner of the lease, and she asked an injunction restraining him from asserting any rights in the lease or in the business of conducting the hotel. Application was made in the litigation for the appointment of a receiver, and the defendant, presumably by reason of his relation to and knowledge of the business, was appointed such receiver on or about the 27th of June, 1904. The premises belonged to Andrew H. Smith, who, since the 2d of November, 1903, has been the sole owner in fee thereof. They were occupied under a lease which provided for the payment

of $45,000 a year rent, in equal monthly payments, in advance, of $3,750 on the 1st day of each month, and for the payment by the tenant of all taxes and Croton water assessments. Rent was paid up to and including the month of April, 1904, but no rent was paid for the months of May, June, July, or August, 1904, and the Croton water rents from September 9, 1903, to May 9, 1904, also remain unpaid. On the 18th of July, 1904, Mr. Smith, the owner of the property, presented his petition to the Municipal Court of the City of New York for process and proceedings to remove the plaintiff and the defendant from the premises, and, by permission of the Supreme Court duly obtained, the receiver was also made a party to the proceedings. Subsequently, and on the 17th day of August, 1904, a final order was made in the summary proceedings in favor of the petitioner and against Ann Stetson Foster and Albert T. Foster, awarding to the petitioner the delivery of the premises by reason of nonpayment of rent and nonpayment of Croton water taxes, but also in favor of the receiver, dismissing the proceeding as against him; and the justice of the Municipal Court who made the final order directed a warrant to issue to remove the present plaintiff and defendant individually and all persons from the premises, other than Albert T. Foster, as receiver. It appears in the record now before us that the reason for the dismissal of the proceedings as against the receiver was that no demand had been made upon him, as receiver, for the payment of rent in arrear.

We have, therefore, an adjudication in which, as between the landlord and the tenants, the landlord is entitled to the possession of the premises and to a warrant to put him in possession. On or about the 17th of August, 1904, Mr. Smith, the owner of the premises, presented his petition to the Supreme Court, asking that instructions be given to its receiver to surrender the possession of the premises. That application was resisted by the receiver, and was denied by the court. The order entered upon the denial of the motion, however, provided that the receiver should pay over to a depositary therein named, subject to the order of Smith, the owner, a sum equal to the net profits, if any, over operating expenses of the hotel, from June 27th, when the receiver took possession of the property, until September 1st, such payment, when made, to be on account of the rents accrued during the said period. The receiver was then required to file a statement by September 8, 1904, showing the net profits of the business from June 27 to September 1, 1904, if any profits were derived during said period, and that the amount of said profits over operating expenses be paid over by the receiver to the depositary above mentioned within five days after the filing of the required statement. The order then proceeds to direct that the receiver pay to the depositary, subject to the order of the petitioner, Andrew H. Smith, the sum of $875 weekly, as rent of the premises, commencing September 1, 1904, the payment for that year to be made September 8, 1904, and to continue weekly thereafter, and then directs that should the receiver be unable to pay the weekly rental of $875, or be able to pay more than that sum, he was to apply to the court for further instructions; and

thereupon the motion of the petitioner to direct the receiver to surrender possession was denied, without prejudice to renewal thereof thereafter.

As broad as the powers of a court of equity are, they should not be strained so far as to deprive an owner of the possession of his property to which he is justly entitled, and especially to which he has been adjudged to be entitled as against the only parties interested in the retention of that property. It is perfectly obvious that here is a simple dispute between a husband and wife with reference to the ownership of a business, and of a lease of the premises upon which that business is conducted. By failure to pay the rent and comply with the terms of the lease, the right of both parties to this action to continue in possession of the premises has been lost. It may be convenient, and doubtless is, to the parties to have their business still carried on on these premises, and to speculate at the expense of the landlord. There is no question here of the right of creditors of the plaintiff and the defendant; they were not creditors of the landlord. Their claims are simply personal; they have no lien of any kind upon the premises or upon the lease. It is not an asset from which they could realize anything to the sacrifice or postponement of the rights of the landlord. Nor does the landlord, as to the rent accrued, and for the nonpayment of which he instituted the summary proceeding, stand only in the relation of a simple creditor, with no other right than that of a creditor. He has not bound himself to the receiver in any such a way. Undoubtedly he was consulted respecting the appointment of a receiver, and undoubtedly, if a receiver were appointed, he was willing that the defendant Foster should act as such; but he distinctly reserved his other rights, for in his written communication relating to a receivership it is expressly said: "It also must be distinctly understood that I reserve the right to commence dispossess proceedings, or institute any other action at law or in equity that I may deem proper, at any time." It appears to us that it is grossly inequitable to keep the landlord out of possession of his property and to deprive him of his rent.

The order should be reversed, and the receiver directed to surrender possession unless arrears of rent and taxes are paid, with costs to the appellant.

Order reversed, with costs, and order directed as stated in opinion. All concur.